IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE BARTON, | ) | CASE NOs.  1:06 CV 1885 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| AIR EXPRESS INTERNATIONAL | ) | |
| USA, INC., et al., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

This case is currently before the Court on Defendants' Motion For Judgment on the Pleadings.  Defendants have moved this Court for dismissal of Plaintiff's claim for wrongful discharge in violation of public policy (Count IV of the Complaint).  (ECF #9).  The matter has been fully briefed.  After considering all of the arguments and all applicable law, the Court hereby GRANTS Defendants Motion to Dismiss Count IV of the Complaint.

**<u>STANDARD OF REVIEW</u>**

On a motion brought under Fed.R.Civ.P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.  *See Chester*

*County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (3rd Cir. 1990).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).  However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).

This Court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1980).  In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **FACTUAL AND LEGAL OVERVIEW**[1]

Plaintiff, Christine Barton, sued the Defendants alleging, among other things, that her termination violated the federal Americans with Disabilities Act (42 U.S.C. §12101, *et seq*.), Title VII, the Pregnancy Discrimination Act (42 U.S.C. § 2000e, *et seq.*), the federal Family and Medical Leave Act (29 U.S.C. § 2601, *et seq*.), and the Ohio Revised Code § 4112.02.

---

[1] The facts as stated in this Memorandum and Order are taken from Defendant's Counterclaim and should not be construed as findings of this Court.  In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Defendant.

(Complaint ¶¶ 37, 38, 42, 48, 52, 67, 81, 88). In addition, Count IV of the Complaint sets forth a common law claim for termination in violation of Ohio's public policy, alleging that she was terminated on the basis of her sex, or disability as a direct result of her pregnancy. (Id. ¶ 97).

## **ANALYSIS**

A claim for wrongful discharge in violation of public policy is recognized in Ohio when the plaintiff can prove, among other things, that her termination occurred under circumstances that would jeopardize a clear public policy. *See*, *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 242 (2002). This question is a question of law to be determined by the Court. *Id*. The Supreme Court of Ohio has stated:

> An analysis of the jeopardy element necessarily involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common-law wrongful-discharge claim. . . . Where, as here, the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, "the issue of adequacy of remedies" becomes a particularly important component of the jeopardy analysis. . . . Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests.

*Id.* at 244.

Following the logic in Wiles, most state and federal courts in Ohio have specifically barred general public policy claims that are premised on statutes prohibiting employment discrimination. *See, e.g., Lewis v. Fairview Hosp*., 156 Ohio App. 3d 387, 392 (Cuyahoga Cty. 2004)(barring public policy claim premised on a violation of O.R.C. §4112.02); *Carrasco v. NOAMTC Inc.*, 124 Fed. Appx. 297, 304 (6th Cir. 2004)(barring a public policy claim premised on violations of Title VII and the OCRA); *Kaltenmark v. K-Mart, Inc*., 2005 U.S. Dist. LEXIS

21699, *19 (N.D. Ohio Sept.9, 2005)(barring a public policy claim premised on violations of Title VII and O.R.C. §4112); *Schirmer v. Enerfab, Inc.*, 2006 U.S. Dist. LEXIS 64344, *46 (barring a public policy claim premised on a violation of the ADA).

If Plaintiff's factual allegations are proven to be true, she has adequate remedies available through O.R.C. §4112, the Americans with Disabilities Act, and Title VII/ the Pregnancy Discrimination Act.  These statutes all provide remedies that adequately protect society's interest in protecting the public policies addressed.  They each allow for enforcement through private causes of action and between them, they allow for monetary and equitable relief, as well as the possibility of punitive damages and attorney fees.  Under these circumstances there is no justification for allowing a separate cause of action for violation of public policy to continue.

## **CONCLUSION**

For all of the reasons stated above, the Defendants' Motion for Judgment on the Pleadings (ECF #9), requesting dismissal of Count VI of Plaintiff's Complaint with prejudice is hereby GRANTED.  IT IS SO ORDERED.

  s/Donald C. Nugent  
  Donald C. Nugent  
  United States District Judge

Date:   March 19, 2007